# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBERTO ARELLANO,<br><br>                             Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; et al.,<br><br>                            Respondents. | Case No.: 3:25-cv-03316-DMS-AHG<br><br>**ORDER GRANTING PETITION** |

      This case comes before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1). Respondents filed a Return to the Petition. (ECF No. 5.) Petitioner did not file a reply.

      The facts of this case are scant. Petitioner claims he entered the United States on August 15, 1997, and has been living here since that time. (Pet. ¶¶ 3, 18.) On September 26, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 1.) He is currently in custody at the Otay Mesa Detention Center ("OMDC"). (*Id.*) It appears Petitioner was served with a Notice to Appear as he is currently in removal proceedings. https://acis.eoir.justice.gov/en/caseInformation. (last visited Dec. 16, 2025). Petitioner asserts he applied for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT") on October 30, 2025. (Pet. ¶ 2.) According to the EOIR website, Petitioner's immigration case is set for hearing on January 14, 2026. https://acis.eoir.justice.gov/en/caseInformation. (last visited Dec. 16, 2025).

Petitioner alleges he is being detained in violation of his rights to substantive and procedural due process and his rights under the Fourth Amendment, and his detention violates the Administrative Procedures Act ("APA"). Respondent asserts the Court lacks jurisdiction over these claims, Petitioner has failed to exhaust his administrative remedies, and Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).

This Court has rejected Respondent's jurisdiction argument in several previous cases. *See*, *e.g.*, *Fanfan v. Noem*, No. 25cv3291 DMS (BJW), ECF No. 13, *Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). The undersigned has also joined other district judges in the Ninth Circuit in rejecting Respondent's exhaustion argument. *See Mendez Chavez v. Noem*, Case No. 25cv2818 DMS (SBC), ECF No. 8 at 3; *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3-4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)); *Vasquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) (same). Respondents offer no argument or authority warranting departure from this Court's previous orders, and thus the Court stands on its previous decisions rejecting these arguments.

On the merits, Respondents argue "this habeas petition concerns a pure legal question concerning whether Petitioner is detained under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226." (Return to Pet. at 7.) The Court has addressed this issue in several previous decisions, and found noncitizens like Petitioner here are appropriately detained under § 1226(a) as opposed to § 1225(b)(2)(A). *See*, *e.g.*, *Garcia v. Noem*, ___ F.Supp.3d ___, 2025 WL 2549431, at *5-7 (S.D. Cal. Sept. 3, 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)). In a recent decision, the Seventh Circuit also came to the same conclusion.

*Castañon-Nava v. U.S. Dep't of Homeland Security*, ___ F.4th ___, 2025 WL 3552514, at *8-10 (7th Cir. Dec. 11, 2025) (concluding on a preliminary record "that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)."). Several district courts across the country have now followed the reasoning of *Castañon-Nava*, and also come to the same conclusion. *See*, *e.g.*, *Goorakani v. Lyons*, Nos. 25 Civ. 9456 (DEH), 25 Civ. 9551 (DEH), 25 Civ. 9592 (DEH), 25 Civ. 9952 (DEH), 2025 WL 3632896, at *8-12 (S.D.N.Y. Dec. 15, 2025); (concluding, based on part on *Castañon-Nava*, that "[m]andatory detention under Section 1225(b) applies only to those applicants for admission who are seeking admission—i.e., 'arriving aliens,' or those who are entering (or attempting to enter) the country, and not to those who are already present or reside here."); *Simon v. Olson*, No. 25 C 14799, 2025 WL 3567469, at *4-5 (N.D. Ill. Dec. 13, 2025) (concluding § 1226(a) applied to noncitizen who (1) had been present in the United States for 23 years, (2) had five U.S. citizen children, (3) had no criminal record, and (4) was detained in the Midwest); *Acosta de Perez v. Frank*, No. H-25-5357, 2025 WL 3626347, at *2-5 (S.D. Tex. Dec. 12, 2025) (citing *Castañon-Nava* in concluding petitioner's detention was governed by § 1226(a) rather than § 1225(b)).

Based on this Court's reasoning in *Garcia*, and the reasoning of *Castañon-Nava*, the Court concludes Petitioner's detention in this case is likewise governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition is granted. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | court within **fourteen (14) days** of the entry of this Order. Further, the parties are
2 | **ORDERED** to file a Joint Status Report within **twenty-one (21) days** of this Order's entry,
3 | confirming Petitioner received a bond hearing.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

Hon. Dana M. Sabraw
United States District Judge